Filed 8/26/15  P. v. Sanders CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B262906 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA134437) |
| v. | |
| JAMES EDWARDS SANDERS, | |
| Defendant and Appellant. | |

THE COURT:[*]

James Edwards Sanders (defendant) appeals following his plea of "no contest" in case no. TA134437 to one count of conspiracy to commit grand theft in violation of Penal Code sections 182, subdivision (a)(1) and 487, subdivision (c).[1] Defendant also admitted the allegation that he had suffered a prior conviction of a serious or violent felony (§ 667, subds. (b)-(i)).  Defendant was advised of his constitutional rights and the nature and consequences of the plea, which he stated he understood.  The trial court expressly found defendant's waivers and plea were voluntary, knowing, and intelligent.  Pursuant to the

---

[*]    BOREN, P. J.,      CHAVEZ, J.,      HOFFSTADT, J.

[1]    All further statutory references are to the Penal Code unless otherwise indicated.

terms of the plea bargain the trial court sentenced defendant to 2 years 8 months in state prison.

In January 2015, five months after defendant entered his plea and was sentenced, he filed a petition for resentencing pursuant to Proposition 47 (§ 1170.18, subd. (a)), which, among other things, allows people serving a felony sentence for certain enumerated theft offenses (now designated misdemeanors under Proposition 47) to petition the trial court to reduce their sentence to a misdemeanor. A petitioner who meets the criteria for resentencing shall be resentenced unless the trial court determines that resentencing would "pose an unreasonable risk of danger to public safety." (§ 1170.18.) The trial court denied defendant's section 1170.18 petition because the offense for which defendant was sentenced (and sought resentencing) was not a qualifying felony eligible for resentencing under Proposition 47.

Defendant appeals.

We appointed counsel to represent defendant on this appeal. After examination of the record, counsel filed an "Opening Brief" pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), raising no issues. On June 18, 2015, we advised defendant that he had 30 days within which to personally submit any contentions or issues that he wished us to consider. No response has been received to date.

The trial court correctly denied defendant's petition for resentencing because conspiracy to commit grand theft (§§ 182, subd. (a)(1) & 487, subd. (c)) is not one of the crimes eligible for resentencing under Proposition 47. We have examined the entire record and have found that no arguable issues of any sort exist. We are satisfied that defendant's attorney has fully complied with his responsibilities. (*People v. Kelly* (2006) 40 Cal.4th 106, 109–110; *Wende*, *supra*, 25 Cal.3d at p. 441.)

The appeal is dismissed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.